UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

FEDERAL INSURANCE COMPANY
AND GEMINI ACRES, L. P.,

      Plaintiffs,

v.              Civil Action No. 2:15-cv-13508 (Lead Action)

PACCAR, INC., KENWORTH
TRUCK COMPANY, AND
A & R LOGISTICS, INC.,

      Defendants.


A & R LOGISTICS, INC.,

      Plaintiff,

v.              Civil Action No. 2:15-cv-14765 (Consolidated)

PACCAR, INC. AND KENWORTH
TRUCK COMPANY,

Defendants.


MEMORANDUM OPINION AND ORDER


      Pending is defendant PACCAR's motion to consolidate,
filed November 12, 2015, in the first captioned action above.


      These two actions arise from a fire that allegedly broke
out in a commercial building in Parkersburg, West Virginia on
September 22, 2013.  Plaintiffs in both cases allege that the fire
emanated from the engine of a tractor-trailer and destroyed
portions of the building and its contents.

The cases seek to establish who is responsible for the damage caused by the fire.  The parties involved are PACCAR, Inc., and one of its divisions, Kenworth Truck Company, which allegedly manufactured the tractor-trailer involved in the fire; A & R Logistics, the business that owned the tractor-trailer at the time of the fire and leased the space for it in the commercial building where the fire took place; Gemini Acres, L.P., the company that owned the building where the fire took place; and Federal Insurance Company, which provided insurance coverage to Gemini Acres and is now Gemini's subrogee.

Plaintiff Federal Insurance Company filed civil action no. 2:15-cv-13508 on August 24, 2015, in the Circuit Court of Wood County, West Virginia, against the makers of the tractor-trailer (PACCAR and Kenworth) and the owners of the tractor-trailer, who were also occupants of the building (A & R Logistics).  Plaintiff A & R Logistics filed action no. 2:15-cv-14765 in the same court on September 14, 2015 against the makers of the tractor-trailer (PACCAR and Kenworth).  Both actions were later removed to this court.  The first action was assigned to the undersigned judge. The second action was assigned to Judge Thomas E. Johnston, and has been reassigned to the undersigned judge.

Federal Rule of Civil Procedure 42 empowers the district courts to consolidate actions that "involve common questions of

2

law or fact."  Fed. R. Civ. P. 42(a).   The rule reads, in

pertinent part:


    (a) <u>Consolidation</u>. If actions before the court involve a
    common question of law or fact, the court may:

        (1) join for hearing or trial any or all matters at
        issue in the actions;
        (2) consolidate the actions; or
        (3) issue any other orders to avoid unnecessary cost
        or delay.


    (b) <u>Separate Trials</u>. For convenience, to avoid prejudice,
    or to expedite and economize, the court may order a
    separate trial of one or more separate issues, claims,
    crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42.   "District courts have broad discretion under

F. R. Civ. P. 42(a) to consolidate causes pending in the same

district."  <u>A/S J. Ludwig Mowinckles Rederi v. Tidewater Const.

Co.</u>, 559 F.2d 928, 933 (4th Cir. 1977).   Our court of appeals has

emphasized that "[t]he decision whether to sever or to consolidate

whole actions or sub-units for trial is necessarily committed to

trial court discretion.   We review only to determine whether the

discretion was abused, and if so, whether prejudice resulted."

<u>Arnold v. E. Air Lines, Inc.</u>, 681 F.2d 186, 192 (4th Cir. 1982)

(internal citations omitted), <u>on reh'g</u>, 712 F.2d 899 (4th Cir.

1983).   The <u>Arnold</u> court described the district court's

discretionary inquiry as such:

    The critical question for the district court [is] whether
    the specific risks of prejudice and possible confusion
    [resulting from consolidation are] overborne by the risk
    of inconsistent adjudications of common factual and legal

> issues, the burden on parties, witnesses and available
> judicial resources posed by multiple lawsuits, the length
> of time required to conclude multiple suits as against a
> single one, and the relative expense to all concerned of
> the single-trial, multiple-trial alternatives.

Arnold, 681 F.2d at 193.

Consolidation of the case events at least until the pre-trial conference comports with the criteria identified in Rule 42 and the guidelines set forth in Arnold.  The argument for consolidating the cases stems, first, from the acknowledgement that they arise from the same incident.  The court wishes to avoid any possibility of "inconsistent adjudications" as to the factual circumstances regarding the fire that gave rise to the case and the litigants' behavior as to the equipment and facilities, or the care taken to prevent it.  Moreover, judicial efficiency will be conserved by handling any discovery or other disputes related to this factual development within one action.

The legal issues in the cases, though not identical, also overlap substantially.  In case no. 2:15-cv-14765, A & R Logistics has brought three claims against PACCAR and Kenworth: negligence, strict liability, and breach of express and implied warranties.  See A & R Compl. ¶ 14-29.  In the other case, no. 2:15-cv-13508, Federal Insurance Company has brought similar claims against PACCAR and Kenworth, although it separates them into separate claims against each company.  See Federal Ins. Co.

Compl. ¶ 27-42 (stating claims against PACCAR for negligence, strict liability, and breach of implied warranties); id. ¶ 43-58 (stating claims against Kenworth for negligence, strict liability, and breach of implied warranties).  The second case also brings claims for negligence and breach of contract against A & R Logistics.  See id. ¶ 59-69.

As with the factual questions in the case, the court does not wish to risk the possibility of inconsistent adjudications as to the plaintiffs' claims against PACCAR and Kenworth.  The court also believes that judicial efficiency will be conserved by handling the claims against PACCAR and Kenworth within a single set of proceedings.  The court further believes that it may be better-positioned to render a decision on the liability of A & R Logistics in view of the briefing and factual development involved in determining PACCAR and Kenworth's liabilities.

The court does not believe that the parties will suffer any prejudice because of the consolidation.  Because many of the same witnesses and materials will be involved in the two cases, the consolidation will likely lead to greater convenience for the parties during discovery.  Nor is there significant risk of confusion, given that the cases seek to determine the parties' rights and liabilities with respect to a single event.  If any

difficulties arise in presenting the two cases together at a trial or other event, those difficulties can be addressed by severing particular case events as necessary.  And, while differences may require separation at the time of trial, it is likely that pre-trial matters in the two cases will be either identical or substantially similar.

Based on the foregoing, and noting the absence of any opposition, the court ORDERS that defendant's motion to consolidate the cases should be, and it hereby is, granted.  The case filed by Federal Insurance Company, No. 2:15-cv-13508, is designated as the lead action.  All further filings shall be captioned and docketed in that case.

If it is ultimately determined that the cases should not be consolidated for trial, the court, in consultation with counsel, will select the action to be tried first, which will proceed according to the trial date set in the scheduling order. The remaining action will then be set for trial soon thereafter.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER:        March 30, 2016

John T. Copenhaver, Jr.
United States District Judge

6